**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION**

| | |
|---|---|
| STOREY HEREFORD RANCH PARTNERSHIP,<br><br>  Plaintiff,<br><br>v.<br><br>MARIN EEG AND GARNER EEG,<br><br><br>  Defendants. | **CV-24-61-BU-JTJ**<br><br><br><br>**MEMORANDUM AND ORDER** |

## I.   INTRODUCTION

Plaintiff Storey Hereford Ranch Partnership (SHR) has filed an Amended Complaint against Defendants Marin and Garner Eeg (Eegs) asserting the following claims: Count 1: Declaratory Relief; Count 2: Breach of Contract; Count 3: Tortious Interference with Prospective Economic Advantage; Count 4: Defamation; Count 5: Negligence; Count 6: Negligence Misrepresentation; Count 7: Deceit; Count 8:

1

Fraud; Count 9: Respondeat Superior; and Count 10: Punitive Damages. (Doc 2). Garrett Knebel and Harmony Hill (Intervenors) have filed a Motion to Intervene in this diversity action under Fed. R. Civ. P. 24(a)(2) or alternatively Rule 24(b). (Doc. 31). SHR and Intervenors are citizens of Montana. The Eegs are citizens of Minnesota.

The subject of the dispute in this action is ownership and control over the embryo rights of Becca 4215, a high-value cow. Intervenors, who are plaintiffs in separate ongoing litigation in state court against SHR involving numerous cows, including Becca 4215, assert a contractual and legal interest in the embryos at issue and argue that adjudication of this action without its participation may impair its rights. (Docs. 32 and 38). SHR opposes the motion. (Doc. 35).

The Court finds that Intervenors satisfy the requirements for intervention as of right under Fed. R. Civ. P. 24(a)(2) and that they are also required parties under Fed. R. Civ. P. 19(b). Because SHR and Intervenors are both citizens of Montana, complete diversity of citizenship required under 28 U.S.C. § 1332 no longer exists. As a result, the Court lacks subject matter jurisdiction and must dismiss the action in its entirety.

## II.   LEGAL STANDARDS

Under Fed. R. Civ. P. 24(a)(2) the court must permit anyone to intervene as of right if the party: (i) timely moves to intervene; (ii) has a significantly protectable

interest relating to the subject of the action; (iii) is so situated that disposition of the action may impair or impede its ability to protect that interest; and (iv) shows that existing parties may not adequately represent that interest. *Western Watersheds Project v. Haaland*, 22 F.4th 828, 835 (9th Cir. 2022); *Oakland Bulk & Oversized Terminal, LLC v. City of Oakland*, 960 F.3d 603, 620 (9th Cir. 2020); *Wilderness Society v. U.S. Forest Service*, 630 F.3d 1173, 1177 (9th Cir. 2011). These requirements are to be interpreted broadly in favor of intervention and the analysis is guided by "practical and equitable considerations, not technical distinctions." *United States v. Alisal Water Corp.*, 370 F.3d 915, 919 (9th Cir. 2004); *Citizens for Balanced Use v. Mont. Wilderness Association*, 647 F.3d 893, 897 (9th Cir. 2011).

Under Fed. R. Civ. P. 24(b)(1)(B) a court may permit intervention where the proposed intervenor has filed a timely motion showing the intervenor has a claim or defense that shares a common question of law or fact with the main action. In exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights. Fed. R. Civ. P. 24(b)(3).

A court's decision on intervention as of right is reviewed de novo, except for timeliness, which is reviewed for abuse of discretion. *Callahan v. Brookdale Senior Living Cmtys., Inc.,* 38 F.4th 813, 820 (9th Cir. 2022); *Prete v. Bradbury*, 438 F.3d

949, 954 (9th Cir. 2006). A court's ruling on permissive intervention is reviewed only for abuse of discretion. *Id*.

### III. DISCUSSION

**A. Intervenors are entitled to intervene as of right pursuant to Fed. R. Civ. P. 24(a)(2).**

Intervenors have the burden to show they should be allowed to intervene by right. *Prete,* 438 F.3d at 954. Regarding the factor of timeliness, the Court considers the totality of the circumstances with a focus on: (1) the stage of the proceeding; (2) prejudice to other parties; and (3) the reason for and the length of the delay. *Western Watersheds Project*, 22 F.4th at 835-36. The Court agrees with Intervenors that the proceedings have not reached a stage to preclude intervention as discovery remains ongoing and the Court has made no substantive rulings. Additionally, the parties will not be prejudiced by intervention given Intervenors' interest in the adjudication of the embryo rights to Becca 4215. This fact also weighs heavily in the Court's determination that the reason for the delay should not preclude intervention.

SHR contends that it was forced to file this action because Intervenors objected to their request to join the Eegs in the state court action. SHR argues that this fact, coupled with Intervenors being aware of this action since July of 2024, renders Intervenors' motion to intervene as untimely motion.

Intervenors contend SHR misinterprets its objection to the Eegs joinder in state court as "procedural blocking", when it was a legal position based on SHR's

4

lack of ownership, not waiver. (Doc. 38, p. 5). Specifically, Intervenors point to Garner Eeg's April 11, 2024 affidavit filed in the state court action in which he states that he does not consider SHR as ½ owner in Becca 4215's embryo rights and his records reflect Garrett Knoebel is the ½ owner of these embryo rights, not SHR. (Doc. 38, Exhibit 1 at ¶15). Intervenors further note that SHR filed this federal court action two days before receiving their objection to joining the Eegs in the state court action and argue that SHR should have moved to join the Eegs over their objection rather than forum shopping. (Doc. 38, p.5).

Despite the above, the Intervenors had knowledge of this action for several months prior to moving to intervene. This is an equitable factor weighing in favor of SHR. However, Intervenors' contention that they acted promptly after confirming the Eegs had not sought dismissal or adequately protected their ownership rights is a significant practical consideration that outweighs any technical objection and any inequity. Based upon the totality of the circumstances and recognizing that the requirements for intervention are broadly interpreted in favor of intervention, *Alisal Water Corp.*, 370 F.3d at 919, the Court determines Intervenors' motion is timely.

Next, Intervenors have demonstrated they have a significantly protectable interest in this action. They assert ownership of embryo rights in Becca 4215, which is the central issue of this litigation between SHR and the Eegs.

Intervenors have also shown that their asserted interest in embryo rights in Becca 4215 may be impaired by the outcome of this federal action. Given that there is parallel litigation proceeding in state court between SHR and Intervenors involving a dispute related to the property interests of numerous cows, including Becca 4215, disposition of this action may impair or impede Intervenors' ability to protect their interests to the embryo rights in Becca 4215 in the state court action. "[I]f an absentee would be substantially affected in a practical sense by the determination made in an action, he should, as a general rule, be entitled to intervene." *Citizens for Balance Use*, 647 F.3d at 897. Finally, liberal construction of Rule 24(a)(2) also supports Intervenors' contention that its interests are not being adequately represented by the Eegs. Intervenors have satisfied the minimal burden to show representation by the Eegs may be inadequate. *Id.* at 898; *Western Watersheds Project*, 22 F.4th at 840.

**B. Intervenors are not entitled to permissive intervention pursuant to Fed. R. Civ. P. 24(b).**

Intervenors have the burden of proof for permissive intervention. *Cosgrove v. Nat'l Fire & Marine Ins. Co.,* 770 F. App'x 793, 794-95 (9th Cir. 2019). Permissive intervention requires: (1) an independent ground for jurisdiction; (2) a timely motion; and (3) a common question of law and fact between the movant's claim and the main action. *Bechman Indus. v. International Insurance Co.,* 966 F.2d 470, 473 (9th Cir. 1992).

Because permissively allowing intervention does not confer jurisdiction, the Intervenors are required to establish an "independent grounds for jurisdiction." *Freedom from Religion Foundation v. Geithner*, 644 F.3d 841 (9th Cir. 2011). Here, Intervenors do not propose any independent grounds for jurisdiction. Rather, they rely on the exception that allows intervention without independent grounds for jurisdiction when an intervenor seeks only to defend and not assert any affirmative claims of their own. *Bechman Indus.* at 473. However, Intervenors intend to file a counterclaim should their Motion to Intervene be granted. (Doc. 32, Exhibit A). As such, Intervenors would be asserting affirmative claims of their own. Therefore, Intervenors do not qualify for the limited exception and have failed to establish independent grounds for jurisdiction.

**C. Intervenors are required parties.**

To determine whether allowing intervention as of right deprives the Court of subject matter jurisdiction due to lack of diversity, the Court must determine whether Intervenors are required parties under Fed. R. Civ. P. 19. Intervention destroys diversity if the intervening party is indispensable. *Mattel, Inc. v. Bryant*, 446 F.3d 1011, 1013 (9th Cir. 2006).

Fed. R. Civ. P. 19(a)(1) provides a party is "required" if in that party's absence, (A) complete relief cannot be accorded among the existing parties, or (B) the party claims an interest in the subject matter and adjudicating the matter without

that party may impair or impede its ability to protect its interest or leave existing parties at risk of inconsistent obligations.

Here, Intervenors claim a direct legal and contractual interest in the embryo rights to Becca 4215. The Court cannot determine ownership or control over these embryo rights without, as a practical matter, impairing or impeding Intervenors' ability to protect their claimed interest in these very rights. Moreover, Eegs could face inconsistent obligations or liability if the state court adjudicates the embryo rights differently. Accordingly, Intervenors are required parties under Fed. R. Civ. P. 19(a)(1)(B).

Because adding Intervenors would destroy diversity, the Court must next determine whether the action can proceed "in equity and good conscience" without the required party. Rule 19(b) identifies four factors:

1. The extent to which a judgment rendered in the person's absence might prejudice that person or the existing parties;
2. The extent to which any prejudice could be lessened or avoided;
3. Whether a judgment in the person's absence would be adequate; and
4. Whether the plaintiff would have an adequate remedy if the action were dismissed for nonjoinder.

These factors weigh heavily against proceeding without Intervenors. Notably, SHR has implicated Intervenors in this action. (Doc. 2, ¶22). A judgment in favor of SHR would prejudice Intervenors' legal interest in the embryos and may not fully resolve the dispute, as it would occur without the Intervenors' ability to defend

SHR's allegations against them. Additionally, SHR can pursue the same claims in state court where all interested parties can be joined. Because this Court cannot proceed without potentially infringing on Intervenors' legal rights and because joinder is not possible without defeating diversity jurisdiction, dismissal is required. See *EEOC v. Peabody W. Coal Co.*, 610 F.3d 1070, 1083-85 (9th Cir. 2010); *Dawavendewa v. Salt River Project*, 276 F.3d 1150, 1161 (9th Cir. 2002).

Finally, the Court notes that both parties urge this Court to abstain, with SHR contending that if this Court **grants** Intervenors' motion and does not dismiss for lack of jurisdiction, the Court should abstain in favor of the state court action, relying upon the *Colorado River* doctrine set forth in *Colorado River Water Conservation District v. United States*, 424 U.S. 800 (1976). (Doc. 35, pp. 24-27). Intervenors argue that should this Court **deny** their motion, it should abstain from proceeding under this same doctrine. (Doc. 38, pp. 14-15). In essence, the parties agree that the embryo rights to Becca 4215 should be decided in the pending and state court action.

## IV. CONCLUSION

For the reasons stated above, IT IS HEREBY ORDERED:

1. The Motion to Intervene (Doc. 31) is granted under Fed. R. Civ. P. 24 (a)(2).

2. Intervenors are required parties under Fed. R. Civ. P. 19(a)(1)(B).

3. Diversity of citizenship under 28 U.S. C. § 1332 is destroyed.

4.  The case is DISMISSED WITHOUT Prejudice for lack of subject matter jurisdiction.

DATED this 30th day of July 2025.

_____
John Johnston
United States Magistrate Judge